**VI'I PITA, Plaintiff/Counterdefendant**

**v.**

**MIRIAMA GARRETT and RICHARD GARRETT,**
**Defendants/Counterclaimants/Cross-Claimants**

**v.**

**TERRITORIAL REGISTRAR and SURVEY MANAGER OF THE DEPARTMENT OF PUBLIC WORKS MEKO AIUMU, Cross-Defendants**

---

TIMU LEVALE, on behalf of the TIMU FAMILY, Plaintiffs

v.

RAY McMOORE, SESE McMOORE, and IOANE FE'AFE'AGA
ENE, Defendants

---

AMERICAN SAMOA GOVERNMENT, Plaintiff

v.

HEIRS OF IOANE FE'AFE'AGA ENE, aka MAUGA FE'A ENE,
TOLANI TELESO FUGA, ELETISE MATAGI WOLMAN,
SENOVEFA PRITT, TIMU LEVALE, on behalf of the TIMU
FAMILY, RAY McMOORE, SESE McMOORE, aka SESE PEKO
SAGAPOLU, VI'I PITA, PERALITA CANDY FUAVAI,
TAUINAOLA LAUAMA, FIALE NIKO, aka SOVITA SUAFO'A,
SOVITA LIVING TRUST, MIRIAMA GARETT, AMERIKA
SAMOA BANK, and DOES 1-10, Defendants

---

TERRITORIAL REGISTRAR on behalf of the HEIRS OF IOANE
FE'AFE'AGA ENE, Claimants

v.

TELESIA FE'A FIAME, on behalf of the FE'A FAMILY, ELETISE
MATAGI WOLMAN, SENOUEFA PRITT, TAUINALOLA
LAUAMA, FUGA TOLANI TELESO, VI'I PITA, FIALE LARSON,
aka FIALE NIKO, aka SOVITA SUAFOA, and SOVITA LIVING
TRUST, Objectors

High Court of American Samoa
Land and Titles Division

LT No. 14-93
LT No. 20-93
LT No. 10-95
LT No. 20-96

February 13, 1997

159

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff/Counterdefendant/Defendant/Objector Vi`i Pita, and Defendants/Objectors Tolani Teleso Fuga, Eletise Matagi Wolman, Senouefa Pritt, Tauinaola Lauama, Fiale Niko, and Sovita Living Trust, Marshall Ashley

For Defendants/Counterclaimants/Cross-Claimants Miriama Garret and Richard Garrett, Charles V. Ala`ilima

For Plaintiff American Samoa Government, Claimant/Cross-Defendant Territorial Registrar, and Cross-Defendant Survey Manager of the Department of Public Works Meko Aiumu, Henry W. Kappel, Assistant Attorney General

For Plaintiff/Defendant Timu Levale, on behalf of the Timu Family, Asaua Fuimaono

For Defendants Ray McMoore and Sese McMoore, Togiola T.A. Tulafono

For Defendant Ioane Fe`afe`aga Ene and Claimants/Defendants Heirs of Ioane Fe`afe`aga Ene, Albert Mailo

For Defendant Pearlita Candy Fuavai, Afoa L. Su`esu`e Lutu

For Defendant Amerika Samoa Bank, for itself and on behalf of Tagitagi Lauama, William H. Reardon

For Objector Telesia Fe`a Fiame, on behalf of the Fe`a Family, Tautai A.F. Faalevao

Order Denying Motion for Summary Judgment:

Objectors Vi`i Pita, Tolani Teleso Fuga, Eletise Matagi Wolman, Senouefa Pritt, Tauinaola Lauama, Fiale Niko, and Sovita Living Trust moved for a summary judgment against defendants Miriama Garrett and Richard Garrett, Ray McMoore and Sese McMoore, Timu Family, Pearlita Candy Fuavai, Amerika Samoa Bank, and Does 1-10. The court regularly heard the motion on January 6, 1997.

## DISCUSSION

On July 6, 1993, this court denied a motion for a preliminary injunction in LT No. 20-93 and declared that the title registration of approximately 8.37 acres of land known as "Tualepipi" in Ili'ili, American Samoa ("the land"), by defendant Ione Fe`afe`aga Ene ("Ene"), now deceased, as his individually owned land was "void" because the registration was not in accordance with statutory law.

■ On December 21, 1995, this court ordered the Territorial Registrar to commence the title registration process of the land in the name of Ene's Estate, and in due course complete the registration process in full compliance with all applicable procedures. Unfortunately, the Territorial Registrar commenced the title registration process in the name of Ene's "heirs," not Ene's "Estate." Under A.S.C.A. § 40.0332, claimants under an estate include "heirs, legatees, devisees and creditors." Thus, "heirs" is not the equivalent of an "estate," and a finding that Ene's heirs have title to all 8.37 acres would not guarantee that Ene's grantees and their successors would have a right to own the land purportedly purchased from Ene prior to Ene's death.

One of the goals of the court's order to commence registration again was to enable the court to proceed with these consolidated actions and the pending probate of Ene's Estate. We ordered the Territorial Registrar to commence registration in the name of the Estate. The Territorial Registrar failed to do so. Because the Territorial Registrar violated the court's order, we hold that the action was ineffective for any purpose, and therefore void.[1]

## ORDER

The court denies the motion for a summary judgment.

---

[1] The movants for a summary judgment seek a declaration that the parties opposing the motion do not own the land, or any part of it, and their dismissal with prejudice from these actions. The movants base their motion on the opposing parties' failure to object, within the statutorily afforded 60-day time period, during the Territorial Registrar's purported title registration proceedings.

The opposing parties could rightly assume that the title registration would be initiated for Ene's Estate, according to the court's order, and fail to register their objections or claims to the land, or some portion of it, with the Territorial Registrar. Citizens have a legitimate expectation that public officials will act according to court orders; as a matter of equity, the court is reticent to dismiss the claims of parties who detrimentally relied on this expectation.

161

The Territorial Registrar shall commence the registration process of the land in the name of Ene's Estate within 30 days of the entry of this order. Since Ene's earlier attempt to register the property was "void," i.e. "without force and effect and incapable of being enforced by law," BLACK'S LAW DICTIONARY 1411 (5th ed. 1979), we emphatically declare this process to be a new and original title registration, requiring new notice according to statutory prescription. Any party seeking judicial declaration of their interest in any portion of the property, including those individuals whose interests stem from Ene's Estate, must file an objection with the Territorial Registrar within the 60-day period following the commencement of the registration process.

We also reaffirm the court's order orally announced on January 6, 1997, that LT No. 14-93, LT No. 20-93, and LT No. 10-95 are consolidated with LT No. 20-96. However, we necessarily vacate the previously scheduled trial date of March 27, 1997 for these four consolidated actions to accommodate the renewed title registration process. Any party may move for a new trial date after completion of the title registration process.

It is so ordered.